IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02735-BNB

CHARLES G. MEDICINE BLANKET,

    Applicant,

v.

HOYT BRILL, Warden, K.C.C.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

F I L E D
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR 24 2009

GREGORY C. LANGHAM
              CLERK

---

### ORDER DRAWING CASE IN PART TO DISTRICT JUDGE AND TO MAGISTRATE JUDGE

---

Applicant, Charles G. Medicine Blanket, is a prisoner in the custody of the Colorado Department of Corrections at the Kit Carson Correctional Center in Burlington, Colorado. Mr. Medicine Blanket initiated this action by submitting to the Court a *pro se* Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, in which he challenges the validity of his conviction and sentence in Case No. 97CR4188 in the Arapahoe County District Court.

In an order entered on January 26, 2009, Magistrate Judge Boyd N. Boland directed Respondents to file a Pre-Answer Response to address the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A), if Respondents intend to raise either or both of those defenses. On February 26, 2009, Respondents filed their Pre-Answer

Response. Mr. Medicine Blanket filed a Reply, on March 12, 2009, and a Supplement on March 18, 2009.

The Court must construe liberally the pleadings filed by Mr. Medicine Blanket because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The Court, however, should not act as an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will order the Application drawn in part to a district judge and to a magistrate judge and dismissed in part.

Mr. Medicine Blanket was convicted by a trial jury of one count of sexual assault on a child (pattern of abuse); two counts of sexual assault on a child (position of trust); two counts of second degree sexual assault; one count of mandatory sentencing for a crime of violence (bodily injury); and one count of mandatory sentencing for a crime of violence (threats). (Application at 2 and Pre-Answer at 3.) He was sentenced on October 8, 1998, to a total of fifty-five years. The judgment of conviction was affirmed on direct appeal. *See State of Colo. v. Medicine Blanket*, No. 98CA2307 (Colo. App. Sept. 21, 2000) (unpublished) (reh'g opinion modified on Dec. 14, 2000). On April 9, 2001, the Colorado Supreme Court denied Mr. Medicine Blanket's petition for writ of certiorari on direct appeal. *See Medicine Blanket v. State of Colo.*, No. 01SC37 (Apr. 9, 2001) (unpublished).

Mr. Medicine Blanket filed two Colo. R. Crim. P. 35(b) reconsideration motions, one on June 15, 2001, and another on October 15, 2001. The trial court denied both on April 2, 2002. (Pre-Answer App. 21-22.) He also filed a Colo. R. Crim. P. 35(c)

postconviction motion in December 2001.  (Application at 4 and Pre-Answer at 4.)  The trial court granted partial relief in the Rule 35(c) motion and vacated the pattern of abuse conviction based upon a double jeopardy violation, thereby reducing the total sentence to forty-one years.  (Pre-Answer at 4-5.)  The Colorado Court of Appeals affirmed the denial, **State of Colo. v. Medicine Blanket**, No. 06CA0978 (Colo. App. July 24, 2008) (unpublished), and Mr. Medicine Blanket's petition for certiorari review was denied on November 24, 2008, **Medicine Blanket v. State of Colo.**, No. 2008SC702 (Colo. Nov. 24, 2008) (unpublished).

In the Application, Mr. Medicine Blanket asserts five due process violation claims, including, (1) no notification to the Rosebud Sioux Tribal Court of his arrest and extradition from the Rosebud Sioux Reservation; (2) no extradition hearing held on the reservation; (3) lack of subject matter jurisdiction by the State of South Dakota to hold an extradition hearing; (4) failure by the State of Colorado to obtain an arrest warrant after the federal warrant against him was dismissed; and (5) inadmissible evidence obtained after an illegal extradition in violation of the poisonous fruit doctrine.

Respondents concede that the instant action is timely pursuant to 28 U.S.C. § 2244(d).  Respondents contend, however, that none of the claims Mr. Medicine Blanket raises have been exhausted in state court proceedings.  Respondents argue that Mr. Medicine Blanket raised only trial errors in his direct appeal.  They further argue only one of the three ineffective assistance of counsel claims that Mr. Medicine Blanket raised in his Colo. R. Crim. P. 35(c) postconviction motion challenged the trial court's jurisdiction.  Respondents conclude that because Mr. Medicine Blanket limited the jurisdiction issue to an ineffective assistance of counsel claim and did not argue denial

3

of federal due process or violation of a U.S. treaty, the Colorado courts did not have a fair opportunity to address the due process violations he raises in the instant action.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

Furthermore, the "substance of a federal habeas corpus claim" must have been presented to the state courts in order to satisfy the fair presentation requirement. *Picard v. Connor*, 404 U.S. 270, 278 (1971); *see also Nichols v. Sullivan*, 867 F.2d 1250, 1252 (10th Cir. 1989). Although fair presentation does not require a habeas corpus petitioner to cite "book and verse on the federal constitution," *Picard*, 404 U.S. at 278 (internal quotation marks and citation omitted), "[i]t is not enough that all the facts necessary to support the federal claim were before the state courts." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam). A claim must be presented as a federal constitutional claim in the state court proceedings in order to be exhausted. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam).

Finally, "[t]he exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992).

Upon review of Mr. Medicine Blanket's opening brief in his direct appeal, the Court finds that he did not raise any of the issues he raises in the instant habeas action. (Pre-Answer App. B.) Mr. Medicine Blanket, however, did raise a jurisdiction issue in his Rule 35(c) postconviction motion in conjunction with one of his ineffective assistance of counsel claims. (Pre-Answer App. F at 8-23.) Mr. Medicine Blanket asserts, in the Rule 35(c) motion, that the arresting federal marshal was required to seek extradition in accordance with the United States and Rosebud Sioux Tribe, March 29, 1868, Extradition Treaty (Rosebud Extradition Treaty). (App. F.) He further asserts that the federal arrest warrant was "bogus;" that the State of South Dakota denied his due process rights at the extradition hearing, when he had no opportunity to object to the unlawful removal from the reservation; and that the State of Colorado was divested of jurisdiction due to the unlawful arrest. (App. F.) Mr. Medicine Blanket, however, did not raise an inadmissible evidence claim in either his direct appeal or his postconviction motion.

Upon review of the Colorado Court of Appeals' opinion addressing Mr. Medicine Blanket's Rule 35(c) postconviction motion, the Court finds that the court of appeals did address the validity of the Rosebud Extradition Treaty. (Pre-Answer App. H at 6-10.) The court of appeals, relying on *United States v. Alvarez-Machain*, 504 U.S. 655,

662-63 (1992), determined that the treaty, unlike the treaty at issue in **Alverez-Machain**, did not limit jurisdiction within the United States over defendants who have been brought to trial from a foreign country in violation of the terms of the treaty. (Pre-Answer App. H at 4.)

"If a state court decides an issue on the merits, state procedural bars will not preclude federal habeas review." **Hooks v. Ward**, 184 F.3d 1206, 1215 (10th Cir. 1999) (citing **Ylst v. Nunnemaker**, 501 U.S. 797, 801-03 (1991)). Mr. Medicine Blanket has exhausted his claims regarding the validity of the Rosebud Extradition Treaty and the possible violation of his due process rights by the federal government, the State of South Dakota, and the State of Colorado.

Mr. Medicine Blanket's inadmissible evidence claim, however, is procedurally barred. Claims are precluded from federal habeas review when the claims have been defaulted in state court on an independent and adequate state procedural ground. **Steele v. Young**, 11 F.3d 1518, 1521 (10th Cir. 1993) (citations omitted). "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision . . . . For the state ground to be adequate, it must be strictly or regularly followed and applied evenhandedly to all similar claims." **See Hickman v. Spears**, 160 F.3d 1269, 1271 (10th Cir. 1998) (internal quotations and citations omitted). Also, if it is obvious that an unexhausted claim would be procedurally defaulted in state court the claim is procedurally barred from federal habeas review. **Steele**, 11 F.3d at 1524 (citing **Coleman v. Thompson**, 501 U.S. 722, 735 n.1 (1991); **Harris v. Reed**, 489 U.S. 255, 269-70 (1989)).

"Generally speaking, [the court] do[es] not address issues that have been defaulted in state court on an independent and adequate state procedural ground, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Cummings v. Sirmons*, 506 F.3d 1211, 1224 (10th Cir. 2007) (internal quotation marks and citation omitted). Mr. Medicine Blanket's *pro se* status does not exempt him from the requirement of demonstrating either cause and prejudice or a fundamental miscarriage of justice. *See Lepiscopo v. Tansy*, 38 F.3d 1128, 1130 (10th Cir. 1994).

Mr. Medicine Blanket no longer has an adequate and effective state remedy available to him because the Colorado Rules of Criminal Procedure prohibits successive postconviction Rule 35 motions with limited exceptions that are not applicable to the claim Mr. Medicine Blanket has failed to exhaust. *See* Colo. R. Crim. P. 35(c)(3)(VI) & (VII). Mr. Medicine Blanket also fails to demonstrate either cause and prejudice for his procedural default or that a failure to consider his inadmissible evidence claim will result in a fundamental miscarriage of justice. Therefore, the Court finds that the inadmissible evidence claim is procedurally barred and must be dismissed.

III. Conclusion

Accordingly, it is

ORDERED that based on the above findings, Claims One through Four shall be drawn to a district judge and to a magistrate judge for further review of the merits. It is

FURTHER ORDERED that Claim Five is denied as procedurally barred. It is

FURTHER ORDERED that Mr. Medicine Blanket's Motion for Leave to

Supplement (Doc. # 13), filed on March 18, 2009, is DENIED as moot.

DATED at Denver, Colorado, this 23 day of April, 2009.

BY THE COURT:

*[signature]*

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02735-BNB

Charles G. Medicine Blanket
Reg No. 98841
Kit Carson Corr. Center
PO Box 2000
Unit Ca (104)b
Burlington, CO 80807

Corina Gerety
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 4/24/09

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk