IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02735-MSK-KLM

CHARLES MEDICINE BLANKET,

    Applicant,

v.

HOYT BRILL, Warden, K.C.C.C., and
THE ATTORNEY GENERAL OF THE STATE OF COLORADO,

    Respondents.

_____

### ORDER
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Applicant's Motion to Compel Petitioners [sic] Writ Ad Testificandum [Docket No. 20; Filed July 20, 2009] ("Motion No. 20") and Motion to Appoint Indigent Counsel [Docket No. 21; Filed July 20, 2009] ("Motion No. 21").

IT IS HEREBY **ORDERED** that Motion No. 20 is **DENIED**. To the extent that Applicant contends that a hearing is necessary to resolve legal disputes, the Court notes that evidentiary hearings in cases such as this are generally limited to instances where there are factual, as opposed to legal, disputes. Moreover, the usefulness of a hearing in this case is a question left to my discretion. *See* R. 8(a), Rules–Section 2254 Proceedings. Upon my review of Applicant's case on the merits in due course, the Court will determine whether a hearing is necessary at that time.

IT IS FURTHER **ORDERED** that Motion No. 21 is **DENIED**. In a typical civil case, such as the present habeas Application, the Court does not have the power to appoint an attorney without the attorney's consent, *Mallard v. U.S. Dist. Court for the Southern Dist.*

*of Iowa*, 490 U.S. 296, 310 (1989), nor does the Court have funds available to pay an attorney who agrees to represent an indigent litigant.  Although mindful of the difficulties faced by *pro se* parties, particularly prisoners, courts and legislating bodies have made a distinction between civil and criminal cases regarding the necessity of counsel.  *See, e.g.*, *Mallard*, 490 U.S. at 301 (1989) ("Congress did not intend § 1915[(e] to license compulsory appointments of counsel . . . ."); *Custard v. Turner*, No. 06-cv-01036-WYD-CBS, 2008 WL 4838564, at *1 (D. Colo. Nov. 6, 2008) (unpublished decision) (noting that the court is without statutory authority to commit federal funds to "require counsel to represent" an indigent civil litigant).  Nevertheless, the Court can seek volunteer counsel to represent a party, such as Applicant, if the Court determines in its discretion that is appropriate to do so.  The Clerk of the Court maintains a list of *pro se* cases for which the court is seeking volunteer counsel.

In this case, Applicant provides no legal basis for the appointment of volunteer counsel.  Additionally, to the extent that Applicant asks the Court to appoint a particular attorney to represent him, as noted above, I have no authority to require that or any other attorney to represent Applicant or to pay an attorney to represent him except in limited circumstances which are not at issue here.  *See* R. 6(a), 8(c), Rules–Section 2254 Proceedings; 18 U.S.C. §§ 3006A(a)(2), 3599(a)(2).  Applicant's attorney in his underlying criminal matter may, <u>without leave of Court</u>, agree to represent him on a *pro bono* basis and enter a notice of appearance on his behalf.  However, assuming that this attorney has not agreed to represent Applicant free of charge, I find no basis for placing Applicant on the list maintained by the Court of individuals in need of *pro bono* counsel.

IT IS FURTHER **ORDERED** that the Clerk shall send a copy of this Order and

Applicant's Motion No. 21 to Attorney Alison Ruttenburg, P.O. Box 19857, Boulder, CO 80308.

Dated: July 21, 2009

                                    BY THE COURT:

                                    s/ Kristen L. Mix
                                    Kristen L. Mix
                                    United States Magistrate Judge