FILED
United States Court of Appeals
Tenth Circuit

January 16, 2014

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

In re:

CHARLES MEDICINE BLANKET,

Movant.

No. 14-1007
(D.C. No. 1:08-CV-02735-MSK-KLM)
(D. Colo.)

---

**ORDER**

---

Before **MATHESON**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

---

Charles Medicine Blanket moves for authorization to file a second or successive 28 U.S.C. § 2254 habeas application to challenge his convictions for sexual crimes against a minor in case no. 97CR4188, Arapahoe County District Court, Colorado. For the following reasons, we deny authorization.

Mr. Medicine Blanket has already unsuccessfully sought relief under § 2254. *See Medicine Blanket v. Brill*, 425 F. App'x 751, 753, 755-56 (10th Cir. 2011) (affirming the dismissal of procedurally defaulted habeas claims with prejudice). Therefore, before he can file another § 2254 application in the district court, he must obtain this court's authorization. *See* 28 U.S.C. § 2244(b). To obtain authorization he must make a prima facie showing that his "claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable," or that "the factual predicate for the claim could not have been discovered previously through the exercise of due diligence" and

"the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." *Id.* § 2244(b)(2), (3).

Mr. Medicine Blanket presents three claims for authorization: (1) his post-conviction and trial counsel were ineffective; (2) a United States Marshal violated his Fourth, Fifth, and Fourteenth Amendment rights by fabricating a fraudulent complaint and improperly removing him from his reservation; and (3) a federal magistrate judge violated his Fourth and Fifth Amendment Rights in issuing a federal warrant. He seeks authorization under both the "new law" provision, § 2244(b)(2)(A), and the "new facts" provision, § 2244(b)(2)(B).

*Previously Presented Claim*

In his motion for authorization Mr. Medicine Blanket indicates that he previously asserted his second claim in federal court. Under § 2244(b)(1), "[a] claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." Accordingly, any claims that Mr. Medicine Blanket already asserted in a habeas application cannot proceed.

*New Law*

For his new law, Mr. Medicine Blanket cites four recent Supreme Court decisions: *United States v. Davila*, 133 S. Ct. 2139 (2013); *McQuiggin v. Perkins*,

133 S. Ct. 1924 (2013); *Trevino v. Thaler*, 133 S. Ct. 1911 (2013); and *Martinez v. Ryan*, 132 S. Ct. 1309 (2012).  None of these decisions satisfy § 2244(b)(2)(A).

*Davila* held that a district court's violation of Fed. R. Crim. P. 11(c)(1), which precludes the court from participating in plea discussions, is subject to analysis for harmless error (or plain error if a defendant does not object).  133 S. Ct. at 2143, 2149-50.  *Davila* concerns the interpretation and application of federal rules of procedure; it does not announce a new rule of constitutional law.  Moreover, *Davila* does not undermine Mr. Medicine Blanket's conviction because he did not plead guilty, but instead was convicted after trial.  (To the extent that Mr. Medicine Blanket relies on *Davila* to urge plain-error review, the plain-error rule is not new, but was well-established long before Mr. Medicine Blanket was convicted.  *See, e.g., United States v. Young*, 470 U.S. 1, 15 & n.12 (1985).)

*McQuiggin* held that a claim of actual innocence can overcome the expiration of the statute of limitations for an untimely *first* habeas application.  133 S. Ct. at 1928.  Notably, in *McQuiggin* the Supreme Court recognized that Congress, through § 2244(b), intended to "modify" and "constrain[]" the role of "actual innocence" with respect to second or successive § 2254 habeas applications.  133 S. Ct. at 1933-34 (emphasis omitted).  Nothing in *McQuiggin* allows Mr. Medicine Blanket to proceed under § 2244(b)(2)(A).

Finally, neither *Trevino* nor *Martinez* announces a new rule of constitutional law.  *Martinez* held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

132 S. Ct. at 1320.  *Trevino* extended *Martinez* to cases in which the "state procedural framework, by reason of its design and operation, makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal."  133 S. Ct. at 1921.

Instead of ruling on constitutional grounds, however, the *Martinez* Court described its decision as an "equitable ruling."  132 S. Ct. at 1319; *see also id.* at 1313 (describing the decision as being on narrower grounds than the constitutional issue urged by petitioner); *id.* at 1315 (explicitly declining to resolve the question before the Court as a constitutional matter).  Therefore, *Martinez* fails to satisfy § 2244(b)(2)(A).  *See Adams v. Thaler*, 679 F.3d 312, 322 n.6 (5th Cir. 2012); *cf. Págan-San Miguel v. United States*, 736 F.3d 44, 45 (1st Cir. 2013) (per curiam) (holding that *Martinez* fails to satisfy similar authorization provision in 28 U.S.C. § 2255(h)(2)); *Buenrostro v. United States*, 697 F.3d 1137, 1139-40 (9th Cir. 2012) (same).  And *Trevino* merely extends *Martinez*, *see* 133 S. Ct. at 1921, so it too fails to satisfy § 2244(b)(2)(A), *cf. Págan-San Miguel*, 736 F.3d at 45.

*New Facts*

Mr. Medicine Blanket also asserts that he has new evidence that would warrant habeas relief. He does not clearly identify his new evidence, but it appears that he may be referring to documents concerning the issuance of the federal warrant and documents from Arapahoe County files. It also appears that some of his new evidence may relate to claims he made in his pro se Colorado post-conviction filing, claims his post-conviction counsel abandoned. However, nothing in the description of these materials indicates that the facts "could not have been discovered previously through the exercise of due diligence" or that they, "if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [Mr. Medicine Blanket] guilty of" his offenses of conviction, i.e., sexual crimes against a minor. 28 U.S.C. § 2244(b)(2)(B).

The motion for authorization is denied. This denial of authorization "shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari." *Id.* § 2244(b)(3)(E).

                                      Entered for the Court

                                      ELISABETH A. SHUMAKER, Clerk